

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 18, 1957

Hon. Robert S. Calvert      OPINION NO. WW-322
Comptroller of Public Accounts
Capiton Station          Re: Whether State Admission
Austin, Texas               Taxes will accrue on
                                Admissions charged to
Dear Sir:                     attend The Royal Ballet.

    In connection with your request for an opinion from
this office on the above captioned question, you have
supplied us with the following facts.

    The Royal Opera House Covent Gardens, Ltd., is a
non-profit corporation organized under the English
Companies Act with its principal office in London,
England. Among its other activities, the corporation
also presents The Royal Ballet. All the proceeds
derived from the performances of The Royal Ballet inure
to the general fund of Royal Opera House, which fund is
subject to unlimited liability for the maintenance of
the Sadler's Wells School in England.

    Contracting through Hurok Attractions, Inc., referred
to in the contract as "Artist's Manager", Royal Opera House
entered into an agreement with Edna Saunders of Houston,
Texas, referred to in the contract as "Local Manager". The
contract stipulates that The Royal Ballet will give a
stated number of concerts on stated dates; and the local
manager agrees to furnish a theatre, a suitable piano
and various services in connection with giving the concert.
Paragraph 7 of the contract reads as follows:

> "All proceeds from sale of tickets will
> be turned over to Artist's Manager for
> Covent Garden. Not later than curtain
> time of the day scheduled for the perform-
> ance, Artist's Manager will pay to the
> Local Manager in return for his above
> mentioned services, the sum of Thirty
> Percent (30%) of the net receipts accord-
> ing to the attached scale of prices, the
> maximum payment to Local Manager to be
> Eleven Thousand Nine Hundred Dollars
> ($11,900). Local Manager will not share

on any Federal or State Tax Exemption
which may be awarded to the Company."

Article 7047a-19, Vernon's Civil Statutes, which
levies the Admission Tax, contains the following exempt-
ion provision:

". . .no tax shall be levied under this
Act on any admission collected for dances,
moving pictures, operas, plays and musical
entertainments, all the proceeds of which
inure exclusively to the benefit of State,
religious, educational or charitable institu-
tions, societies, or organizations, if no
part of the net earnings thereof inures to the
benefit of any private stockholder or individu-
al. . ."

Although the contract fixes the amount of the Local
Manager's compensation in terms of a percentage of the
net receipts, it also fixes a maximum limitation as to
the amount the local manager may receive. We think that
it is immaterial that this compensation may be determined
by a percentage of the net receipts. This is obviously
an expense of production, and expenses of production
must necessarily be met by the producing charitable corpor-
ation before any benefits can inure to the corporation.
No part of the net earnings will inure to the benefit of
a private individual in the sense prohibited by the statute.
Therefore exemption should be accorded.

You ask whether the holding of Attorney General's
Opinion No. WW-15 would prevent exemption in the instant
case. That opinion was concerned with whether a tax is
due on admissions charged for entertainment offered to
the public by sponsoring organizations.

The opinion specifically held that where the sponsor-
ing organization of a type eligible for exemption purchases
the show outright and retains all of the proceeds from ad-
missions, no tax is due; but that where such organization
splits the admission charges on a percentage basis with the
show, exemption would be denied. Language in the opinion
stressing the significance of the use of the phrase "net
proceeds" as opposed to the use of the phrase "all the
proceeds" was not necessary to a determination of the
questions there involved and should not be interpreted as
meaning that exemption should be denied, if some of the
proceeds are used to defray expenses of production.

## S U M M A R Y

No admission taxes will accrue on admissions charged to attend The Royal Ballet despite the fact that a local manager may receive a stated percentage of the net receipts because this payment is an expense of production.

Very truly yours

WILL WILSON
Attorney General

By Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMP/fb

APPROVED:

OPINION COMMITTEE

George P. Blackburn, Chairman

J. Mark McLaughlin

Leonard Passmore

C. K. Richards

REVIEWED FOR THE ATTORNEY GENERAL

By: James N. Ludlum